IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Nixon,<br><br>    Plaintiff,<br><br>vs.<br><br>Tyler D. Francis, et al.,<br><br>    Defendants. | No. CV-15-00247-TUC-JGZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, proceeding pro se, has filed a Complaint that originally named as a Defendant Brian R. Decker. (Doc. 1-3).[1] A Notice of Substitution was filed substituting the United States of America as Defendant in place of Defendant Decker who is an Assistant United States Attorney. (Doc. 3).

Defendant United States ("Defendant") has filed a Motion to Dismiss (Doc. 4, Motion). Plaintiff has filed a "Motion Against Defendant's Motion to Dismiss Claim"

---

[1] Plaintiff commenced this action in the Superior Court of Santa Cruz County, Arizona and the case was removed by the United States. (Doc. 1). The Complaint also names as Defendants D. Tyler Francis, Tyler D. Francis, and Ellinwood and Francis, L.L.P. (Doc. 1-3). These Defendants have filed a Motion to Dismiss (Doc. 39) which is pending in the case.

construed as a Response (Doc. 25), Defendant has filed a Reply in Support of Motion to Dismiss (Doc. 28), Plaintiff has filed a "Motion Against Defendant's Motion to Dismiss Claim" which is construed as a Supplemental Response (Doc. 29) and Defendant United States has filed a Surreply. (Doc. 37).

This case has been referred to the Magistrate Judge for a Report and Recommendation. (Doc. 11, Order). On February 11, 2016, the Magistrate Judge heard oral argument on Defendant's Motion to Dismiss. (Doc. 50). For the reasons that follow, the Magistrate Judge recommends that the Motion to Dismiss (Doc. 4) filed by Defendant United States should be granted.

**Plaintiff's Complaint**

Plaintiff has filed a Complaint seeking money damages as a result of actions involving the taking of depositions of certain witnesses in relation to a criminal case filed against him in *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB. Plaintiff has asserted claims for breach of covenant of good faith and fair dealing, breach of implied in fact contract, breach of written contract, negligence, pain and suffering, pain and unusual punishment, false incarceration, danger to Plaintiff's health, life, and safety due to false incarceration, and loss of personal property due to false incarceration. (Doc. 1-3, Complaint). Plaintiff also alleges a series of claims that refer to counsel's representation.[2] Based on the allegations in the Complaint, it appears that AUSA Decker was the prosecutor in Plaintiff's criminal case and Defendant D. Tyler Francis was Plaintiff's defense counsel. The basis of Plaintiff's allegations in the Complaint is that AUSA Decker and Defendant Francis conspired to engage in unlawful tactics by taking video depositions of certain witnesses and allowing the witnesses to return to Mexico without being charged.

---

[2] These claims are shown on the Complaint as "100% Percent Effective Assistance of Counsel and Breach of Implied In Fact Contract (Verbal) to Represent Tony Nixon Fair and Right According to the Law;" False Incarceration Due to the Breach of Attorney Agreement to Uphold the Law;" "Loss of Plaintiff Tony Nixon Personal Property Due to False Incarceration and Bad Representation and Bad Attorney;" "Refusal to Present Evidence in Plaintiff Tony Nixon Case and Call Witnesses." (Doc. 1-3).

- 2 -

**Standards of Review**

Defendant United States moves to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4, Motion at 1). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses the court's subject matter jurisdiction. "It is to be presumed that a cause of action lies outside this limited jurisdiction," and the burden of establishing that jurisdiction exists rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] plaintiff's complaint must have sufficient facts 'to state a facially plausible claim to relief.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). That is, a "plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus VPC, LLC. v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations asserted in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal can be based on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force*, 646 F.3d at 1241-42. The allegations of a pro se plaintiff are liberally construed. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

**Discussion**

Defendant United States contends that the claims asserted against AUSA Decker are in reality against the United States and that Plaintiff has not established or alleged a valid waiver of sovereign immunity as to those claims. (Doc. 4, Motion at 4-5 ). Defendant

contends that Plaintiff has not exhausted administrative remedies for state tort claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), prior to filing this lawsuit by first filing an administrative claim with the appropriate federal agency. (*Id.*). Defendant last argues that the Complaint should be dismissed because any claims against the United States under the FTCA and any claims construed as against AUSA Decker in his individual capacity are barred by the doctrine of absolute prosecutorial immunity. (*Id.* at 5-7). Defendant United States requests that the Court take judicial notice of the pleadings filed in *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB (D. Ariz.), in resolving these issues. (*Id.* at 2, n.2).

In support of its Motion to Dismiss, Defendant has submitted the Declaration of Brandon Brokaw, Deputy Administrative Officer in the United States Attorney's Office, District of Arizona, who states in the June 4, 2015 Declaration that Plaintiff has not filed an administrative claim. (Doc. 4-1). In his first Response, Plaintiff contends that he was told by attorney Francis not to bring charges against AUSA Decker but he did file an administrative claim with the U.S. Border Patrol or agency. (Doc. 25). Defendant United States argues in its Reply "[c]ourts have uniformly held that litigants must strictly comply with the requirements of the Federal Tort Claims Act, including the requirement that an administrative claim be filed prior to filing suit," citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). (Doc. 28 at 2). Defendant has submitted the August 28, 2015 Declaration of Elaine O'Hara, Deputy Assistant Chief Counsel with the U.S. Customs and Border Protection Agency, who states that an examination of records indicates that to date no administrative claims have been filed by or on behalf of Tony Nixon. (Doc. 28-1).

Plaintiff in his Supplemental Response again contends that he filed an administrative claim with the U.S. Border Patrol agency but he was not told about filing a separate claim regarding AUSA Decker. (Doc. 29). Plaintiff submitted with this Supplemental Response copies of a Claim for Damage, Injury, or Death (Standard Form 95), dated August 30, 2015,

1  signed by Tony Nixon, and showing the forms were sent to the U.S. Department of Justice,
2  United States Attorney, and the Border Patrol agency.  (Doc. 29).   In his more recent
3  "Motion to Dismiss Defendant's Motion," Plaintiff reasserts that he filed administrative
4  paper work with the Border Patrol agency in 2014 and that he has a receipt and copy of the
5  paper work. (Doc. 41).  Plaintiff contends he could not file a claim with two federal agencies
6  because he was told he had to make a choice.  (Doc. 41)  Defendant United States has
7  responded that the submitted administrative forms are not sufficient to waive sovereign
8  immunity because the forms are dated after the lawsuit was filed and Plaintiff has not shown
9  that the claim forms were actually received.  (Doc. 37 & 43).
10            "[T]he United States may not be sued without its consent" and "the existence of
11 consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th
12 Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  The FTCA grants
13 the federal court jurisdiction to hear claims for certain torts allegedly caused by the negligent
14 or wrongful act or omission of any federal employee acting within the scope of his office or
15 employment. 28 U.S.C. § 1346(b).  To fall within the waiver of sovereign immunity for state
16 tort claims pursuant to the FTCA, the plaintiff must exhaust administrative remedies prior
17 to filing suit, meaning that the plaintiff must first file an administrative claim with the
18 appropriate federal agency. 28 U.S.C. § 2675(a). This requirement is a "threshold
19 jurisdictional requirement" and failure to comply results in an absolute bar to suit in the
20 federal district court. *McNeil*, 508 U.S. at 113 ("the FTCA bars claimants from bringing suit
21 in federal court until they have exhausted their administrative remedies."); *Johnson*, 704 F.2d
22 at 1442 ("Exhaustion of the claims procedures established under the [FTCA] is a prerequisite
23 to district court jurisdiction"). *See also*, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th
24 Cir. 2011). The time limitations under 28 U.S.C. § 2401(b) by which an administrative claim
25 must be filed are non-jurisdictional and subject to equitable tolling. *United States v. Wong*,
26 135 S.Ct. 1625, 1638 (2015).
27
28

1       During the oral argument hearing, Plaintiff clarified that the administrative paperwork
2  he filed in 2014 with the Border Patrol agency concerns the seizure and forfeiture of his
3  vehicle. Plaintiff said he had not known about filing an administrative claim form regarding
4  the allegations asserted in the Complaint. The docket shows that in a letter dated July 30,
5  2015, counsel for Defendant United States complied with the Court's Order at the July 30,
6  2015 Status Conference and forwarded a Form SF-95 to Plaintiff. (Doc. 19). It appears that
7  the copies of administrative claim forms that Plaintiff attached to his Supplemental Response
8  came about as a result of Plaintiff's receipt of the Form SF-95 and July 30, 2015 letter. The
9  administrative claim forms Plaintiff submitted with his Supplemental Response are dated
10 August 30, 2015 which is after this lawsuit was filed.

11      The FTCA bars a claimant from bringing suit in federal court unless the claimant has
12 filed an administrative claim with the appropriate federal agency and either obtained a
13 written denial of the claim or waited six months with no disposition of the claim. *See* 28
14 U.S.C. § 2675(a). A plaintiff's failure to comply with this requirement is a jurisdictional
15 defect that cannot be cured by administrative exhaustion after a lawsuit has been filed.
16 *McNeil*, 508 U.S. at 112. A prematurely filed FTCA lawsuit "cannot become timely by the
17 passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir.
18 1995); *Davis v. United States*, 944 F. Supp. 2d 36, 39-40 (D.D.C. 2013). The court must
19 dismiss a complaint that fails to allege that any administrative claim was filed. *McNeil*, 508
20 U.S. at 111-13. However, the action may be refiled if and when the plaintiff can fully satisfy
21 the FTCA's exhaustion requirement. *See Cureton v. United States Marshal Service*, 322 F.
22 Supp. 2d 23, 27 (D.D.C. 2004); *Robinson v. United States*, Civil Action No. 3:13-CV-1106,
23 2014 WL 2940454 (M.D. Pa. June 30, 2014).

24      Defendant additionally argues that any claims asserted against the United States under
25 the FTCA and any claims that can be construed against AUSA Decker are barred by the
26 doctrine of absolute immunity. In determining whether the actions of government officials
27 come within the scope of absolute immunity, courts consider the "nature of the function
28

1 performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Under this approach, absolute immunity extends to the conduct of prosecutors that is "intimately associated with the judicial phase of the criminal process." *Id.* at 270 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Actions found to be "intimately associated" with criminal judicial proceedings include initiating a prosecution and presenting the State's case, including out-of-court efforts by the prosecutor to control the presentation of his witness' testimony, *Imbler*, 424 U.S., at 430, n.32; the gathering of evidence to present to the trier of fact, *Broam v. Bogan*, 320 F.3d 1023, 1033 (9th Cir. 2003); and the gathering of evidence after indictment to prepare the prosecutor for trial, *KRL v. Moore*, 384 F.3d 1105, 1113 (9th Cir. 2004). Prosecutorial immunity may appropriately be asserted as a defense in cases where the United States has been substituted as the defendant. *See Buck v. Stewart*, No. 07-cv-774-SPF, 2008 WL 901716, at *3-4 (D. Utah Mar. 31, 2008) (citing *Doe v. United States*, 829 F. Supp. 59, 60-61 (S.D.N.Y. 1993)).

The Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001). The Court therefore may take judicial notice of the pleadings and documents filed in *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB (District of Arizona). The docket in this criminal case shows that Plaintiff was indicted on April 9, 2014 on charges of transporting illegal aliens for profit, that he was found guilty of the charges after a bench trial on February 26, 2015, and that on September 14, 2015, he was sentenced to 18 months in prison. (*See* Doc. 27, 113, 158 in Case No. CR-14-00668-TUC-DCB). The docket further shows that Plaintiff filed a notice of appeal on September 15, 2015. (*See* Doc. 159, Case No. CR-14-00668-TUC-DCB). AUSA Decker served as the prosecutor in the case.

During the oral argument hearing, Plaintiff argued that when a prosecutor acts unlawfully, it is unfair to apply the doctrine of absolute immunity. The Court has carefully considered Plaintiff's argument and the allegations he has asserted in the Complaint. It is

noted that Plaintiff's criminal case is on appeal and there has been no determination that the prosecutor acted unlawfully.

Plaintiff's claims as to AUSA Decker arise out of his actions taken in his role as prosecutor in obtaining witness testimony to be used at trial. The actions of AUSA Decker in scheduling and attending the depositions can be said to be intimately associated with Plaintiff's criminal proceedings and thus the claims are barred by absolute immunity.

**Recommendation**

For the foregoing reasons, the Magistrate Judge recommends that the District Court after its independent review:

(1) grant Defendant United States' Motion to Dismiss (Doc. 4); and

(2) dismiss the Complaint as to Defendant United States.

Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure and LRCiv 7.2(e) of the Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **Ten (10) Days** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **Ten (10) Days** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV-15-00247-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 16th day of February, 2016.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE