1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7
8   Tony Nixon,                    )    No. CV-15-00247-TUC-JGZ (CRP)
                                   )
9              Plaintiff,          )
                                   )
10  vs.                            )    **REPORT AND**
                                   )    **RECOMMENDATION**
11                                 )
    Tyler D. Francis, et al.,      )
12                                 )
               Defendants.         )
13                                 )
                                   )
14                                 )
    _____    )
15

16         Plaintiff proceeding pro se and previously confined in the Federal Correctional

17  Institution in Tucson, Arizona, has filed a Complaint naming as Defendants D. Tyler Francis,

18  Tyler D. Francis, and Ellinwood and Francis, L.L.P. ("Francis Defendants" or "Defendants").

19  (Doc. 1-3, Compl.).[1]  This case was removed from the Superior Court of Santa Cruz County,

20  Arizona.  (Doc. 1).  The Francis Defendants have filed a Motion to Dismiss Pursuant to

21  Federal Rules of Civil Procedure 12(b)(6) and 12(c), A.R.S. § 12-2602, and *Heck v.*

22  *Humphrey*  (Doc. 39, Rule 12 Motion to Dismiss) and a Motion to Dismiss for Failure to

23

24  _____

25         [1]  Defendants Tyler D. Francis and D. Tyler Francis are the same person.  Brian R.
    Decker, Assistant United States Attorney, was originally named as a Defendant in the
26  Complaint.  A Notice of Substitution was filed substituting the United States of America as
    Defendant in place of Defendant Decker.  (Doc. 3).  The District Court has filed an Order
27  granting Defendant United States' Motion to Dismiss.  (Doc. 55, Order).

28

Respond to Defendants' Motion to Dismiss. (Doc. 56, Motion to Dismiss for Failure to Respond). This case has been referred to the Magistrate Judge for a Report and Recommendation. (Doc. 11, Order). For the reasons that follow, the Magistrate Judge recommends that Defendants' Motion to Dismiss for Failure to Respond (Doc. 56) should be granted and Defendants' Rule 12 Motion to Dismiss (Doc. 39) should be granted and the Complaint summarily dismissed without prejudice. In the alternative, the Magistrate Judge recommends that Defendants' Rule 12 Motion to Dismiss (Doc. 39) should be granted and that Defendants' Motion to Dismiss for Failure to Respond (Doc 56) should be denied as moot.

## I.      Plaintiff's Complaint

Plaintiff has filed a Complaint seeking money damages as a result of actions involving the taking of depositions of material witnesses in relation to criminal charges filed against him in *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB (District of Arizona). Plaintiff has asserted as "claims" breach of covenant of good faith and fair dealing, breach of implied in fact contract, breach of written contract, negligence, pain and suffering, pain and unusual punishment, false incarceration, danger to Plaintiff's health, life, and safety due to false incarceration, and loss of personal property due to false incarceration. (Compl.). Plaintiff also has asserted "claims" described as "100% Percent Effective Assistance of Counsel and Breach of Implied In Fact Contract (Verbal) to Represent Tony Nixon Fair and Right According to the Law;" False Incarceration Due to the Breach of Attorney Agreement to Uphold the Law;" "Loss of Plaintiff Tony Nixon Personal Property Due to False Incarceration and Bad Representation and Bad Attorney;" and, "Refusal to Present Evidence in Plaintiff Tony Nixon Case and Call Witnesses." (*Id.*). Based on allegations in the Complaint, Mr. Decker served as the prosecutor in Plaintiff's criminal case. Plaintiff's appointed defense attorney in the criminal case was Defendant Francis of Defendant Ellinwood and Francis, LLP. Plaintiff alleges in the Complaint that Mr. Decker and Mr. Francis conspired to engage in unlawful tactics by taking video depositions of material

1  witnesses and then allowing the witnesses to return to Mexico without being charged.

2  Plaintiff further alleges a conspiracy to deprive him of his rights and his vehicle.

3  **II.    The Francis Defendants' Motions to Dismiss**

4      The Francis Defendants contend in their Rule 12 Motion to Dismiss that Plaintiff's

5  Complaint should be dismissed based on several grounds, including that Plaintiff is

6  attempting a collateral attack on his criminal conviction which is precluded until such time

7  as he can demonstrate the invalidity of his conviction. (Doc. 39, Rule 12 Motion to Dismiss).

8  Plaintiff has not filed a response to Defendants' Rule 12 Motion to Dismiss. The Francis

9  Defendants in their Motion to Dismiss for Failure to Respond seek dismissal of the

10  Complaint because Plaintiff failed to file a response to their Rule 12 Motion to Dismiss.

11  (Doc. 56, Motion to Dismiss for Failure to Respond).

12  **A.    Defendants' Motion to Dismiss for Failure to Respond**

13      The Francis Defendants filed an Answer to the Complaint on August 24, 2015. (Doc.

14  26, Answer).  Following a telephonic Status Conference on November 19, 2015 at which

15  Plaintiff and counsel appeared (Doc. 35), the Magistrate Judge filed an Order on November

16  23, 2015 consistent with rulings made at the Status Conference. (Doc. 36, Order). The Court

17  set December 10, 2015, as the deadline for the Francis Defendants to file any motions under

18  Rule 12 of the Federal Rules of Civil Procedure and ordered that Plaintiff's  response was

19  due to be filed within 30 days after receipt of Defendants' motion. (*Id.*).  Defendants filed

20  their Rule 12 Motion to Dismiss on December 9, 2015.  (Doc. 39).  Plaintiff did not file a

21  response within the time allowed by the Court.  On January 29, 2016, the Court filed an

22  Order that allowed Plaintiff an additional 30 days to file a response to Defendants' Rule 12

23  Motion to Dismiss. (Doc. 44, Order).   The Court in this Order warned Plaintiff that

24  Defendants' Motion to Dismiss sought to have his case dismissed and that a motion to

25  dismiss, if granted, would end his case. The Court further warned Plaintiff regarding the

26  consequences of failing to timely respond to all motions:

27          **You must timely respond to all motions.  The Court may, in its discretion,**

28  **treat your failure to respond to Defendants' Motion to Dismiss as a**
        **consent to the granting of that Motion without further notice, and**

**judgment may be entered dismissing this action without prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure.** *See Brydges v. Lewis***, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).**

(Doc. 44, Order at 3) (emphasis in original).  The Court directed the Clerk to mail to Plaintiff along with the Order a copy of the Francis Defendants' Rule 12 Motion to Dismiss.  (*Id*.).  Plaintiff has not filed a response as allowed by the Court.  Defendants thereafter filed their Motion to Dismiss for Failure to Respond. (Doc. 56).

Because Plaintiff was warned regarding his responsibility to respond to Defendants' Rule 12 Motion to Dismiss, the Court may deem Plaintiff's failure to respond as consent to the granting of the Motion. See LRCiv 7.2(i); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).   Rule 7.2(i) provides in part that "such noncompliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily."

Before granting dismissal of an action under Rule 7.2(i), the Court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first factor favors dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999).  The court's need to manage its docket generally favors dismissal.  *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir.1990). The Magistrate Judge has held Status Conferences in this case at which Plaintiff appeared and was heard by the Court. (Doc. 21, 35).  Plaintiff has filed numerous motions and motion/responses in this case. The Court has heard argument from Plaintiff as to the various motions he has filed and entered several rulings.  Plaintiff's failure to respond to Defendants' Rule 12 Motion has had an effect on the Court's management of its docket.  As for the third factor, there is no risk of prejudice to Defendants to grant their motion and this factor favors dismissal. Regarding the fourth factor, public policy favors disposition of cases on their merits, so this factor weighs against dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir.2002).  The final factor requires

1    the Court to consider the availability of less drastic sanctions. Plaintiff was afforded ample

2    time to respond to Defendants' Rule 12 Motion to Dismiss, which was filed several months

3    ago. The Court explicitly warned Plaintiff that failure to respond could result in the granting

4    of the Motion. Plaintiff failed to respond when given a second opportunity to do so and did

5    not move for an extension of time.  Dismissal without prejudice is an available and less

6    drastic sanction in this case. The five-factor analysis supports dismissal for failure to respond

7    to Defendants' Rule 12 Motion to Dismiss.

8         The Magistrate Judge recommends that in the exercise of discretion, Plaintiff's failure

9    to respond should be treated as consent to the granting of Defendants' Rule 12 Motion to

10   Dismiss (Doc. 39).  It is further recommended that Defendants' Motion to Dismiss for Failure

11   to Respond (Doc. 56) should be granted.

12   **B.    Alternative Consideration of The Francis Defendants' Rule 12 Motion to Dismiss**

13        In the alternative, the Court has considered the merits of Defendants' Rule 12 Motion

14   to Dismiss.  (Doc. 39).  Defendants contend in their Rule 12 Motion to Dismiss that the

15   Complaint should be dismissed because Arizona does not recognize a civil action for

16   conspiracy, the conspiracy claim lacks a legal and factual basis sufficient to state a claim for

17   relief, and Plaintiff has not sufficiently alleged harm.  (Doc. 39, Rule 12 Motion to Dismiss).

18   Defendants argue that Plaintiff is attempting a collateral attack on his conviction which is

19   precluded until such time as Plaintiff can demonstrate the invalidity of his conviction, citing

20   *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*).

21   **1.    Standards of Review**

22        "'To survive a motion to dismiss  [under Rule 12(b)(6)], a complaint must contain

23   sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

24   face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the

25   reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus*

26   *VPC, LLC. v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.

27   662, 678 (2009)).  Dismissal under Rule 12(b)(6) can be based on the "lack of a cognizable

28   legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

1    *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). The court "cannot

2    assume any facts necessary to [the plaintiffs']...claim that they have not alleged." *Jack*

3    *Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir.

4    2005). The court will assume "'well-pleaded factual allegations,' ...to be true, 'and then

5    determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus*, 623 F.3d

6    at 1003 (quoting *Iqbal*, 556 U.S. at 679).  The allegations of a pro se plaintiff are liberally

7    construed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

8         "After the pleadings are closed -- but early enough not to delay trial -- a party may

9    move for judgment on the pleadings." Rule 12(c), Federal Rules of Civil Procedure.  A

10   motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all

11   the allegations in the non-moving party's pleadings as true, the moving party is entitled to

12   judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999).

13   *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989)("The principal

14   difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.

15   Because the motions are functionally identical, the same standard of review applicable to a

16   Rule 12(b) motion applies to its Rule 12(c) analog.").

17   **2.    Analysis**.

18        The allegations Plaintiff has asserted in the Complaint are related to Plaintiff's

19   criminal proceedings and conviction in *United States v. Tony Nixon*, Case No. CR-14-00668-

20   TUC-DCB.  The Court may take judicial notice of "matters of public record"without

21   converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of L.A.*,

22   250 F.3d 668, 689-90 (9th Cir. 2001).  The Court therefore may take judicial notice of the

23   pleadings and documents filed in *United States v. Tony Nixon*, Case No. CR-14-00668.  The

24   docket in this criminal case shows that the court appointed "CJA" (Criminal Justice Act)

25   attorney Francis to represent Plaintiff on March 11, 2014, that Plaintiff was indicted on April

26   9, 2014 on charges of transporting illegal aliens for profit and was found guilty after a bench

27   trial on February 26, 2015, and that on September 14, 2015, he was sentenced to 18 months

28   in prison. (*See* Doc. 7,  27, 113, 158 in  Case No. CR-14-00668-TUC-DCB).  Plaintiff filed

1  a notice of appeal on September 15, 2015. (*See* Doc. 159, Case No. CR-14-00668-TUC-
2  DCB).

3        To the extent that Plaintiff has alleged in the Complaint a violation of a constitutional
4  right involving defense counsel's representation, Plaintiff has not asserted a federal basis for
5  his claims.  An attorney appointed to represent a defendant in a criminal case pursuant to a
6  federal statute is not a federal official for purposes of a claim for violation of constitutional
7  right under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  *See   Cox v.*
8  *Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *Christian v. Crawford*, 907 F.2d 808, 810
9  (8th Cir. 1990).

10       Even if appointed counsel is considered a federal official, a *Bivens* civil rights action
11  cannot be maintained where the resolution of the claims could imply the invalidity of a
12  federal conviction until after the plaintiff first seeks and obtains relief from his convictions
13  by an appropriate remedy, such as appeal or on post-conviction review. Plaintiff has not
14  shown that his conviction has been reversed, expunged, or otherwise invalidated.  The
15  Supreme Court has held:

16     [I]n order to recover damages for allegedly unconstitutional conviction or
imprisonment, or for other harm caused by actions whose unlawfulness would
17     render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must
prove that the conviction or sentence has been reversed on direct appeal,
18     expunged by executive order, declared invalid by a state tribunal authorized
to make such determination, or called into question by a federal court's
19     issuance of a writ of habeas corpus.  28 U.S.C. § 2254.  A claim for damages
bearing that relationship to a conviction or sentence that has *not* been so
20     invalidated is not cognizable under § 1983.

21  *Heck*, 512 U.S. at 487-88 (emphasis in original) (footnote omitted).  *See Martin v. Sias*, 88
22  F.3d 774, 775 (9th Cir. 1996) (the rationale of *Heck* has been extended to cases brought
23  under *Bivens*).

24       Plaintiff cannot cure these defects by amending the Complaint.  The Magistrate Judge
25  recommends the finding that Plaintiff has not asserted a cognizable federal claim for relief
26  in the Complaint.

27       To the extent that Plaintiff has asserted state law claims against the Francis
28  Defendants, because Plaintiff has not asserted a federal cause of action, it is within the

Court's discretion to exercise supplemental jurisdiction over the remaining claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009); 28 U.S.C. § 1367(c). When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

To the extent that Plaintiff has asserted violations of state law against the Francis Defendants, Plaintiff's suit is based on counsel's representation of Plaintiff in the federal criminal case. As explained in *Meisner v. Rosenquist*, CV-09-8048-PCT-DGC (ECV), 2009 WL 1856639, at *7 (D. Ariz. June 29, 2009), any such claims have not accrued and must be dismissed:

> Under state law, a prerequisite to a legal malpractice claim for representation in a criminal case is reversal of the conviction. *Glaze v. Larsen*, 207 Ariz. 26, 83 P.3d 26, 35 (Ariz.2004) ("a malpractice claim, even one arising from actions or omissions early in the representation, does not accrue until all appeals are complete.") Because Plaintiff's conviction has not been reversed and his direct appeal is pending, any claim against appellate counsel in his criminal proceedings for malpractice has not yet accrued and will be dismissed.

*Id.*

The Magistrate Judge recommends that, upon consideration of the interests of judicial economy, convenience, fairness and comity, the District Court should exercise supplemental jurisdiction and dismiss the state law claims, to the extent asserted against the Francis Defendants. The Magistrate Judge further recommends that Defendants' Rule 12 Motion to Dismiss should be granted.

## III.   Recommendation

The Magistrate Judge recommends that Defendants' Motion to Dismiss for Failure to Respond (Doc. 56) should be granted and Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), A.R.S. § 12-2602, and *Heck v. Humphrey* (Doc. 39) should be granted and the Complaint summarily dismissed without prejudice. In the alternative, the Magistrate Judge recommends that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), A.R.S. § 12-2602,

and *Heck v. Humphrey* (Doc. 39) should be granted and the Complaint dismissed as to the remaining Defendants D. Tyler Francis, Tyler D. Francis, and Ellinwood and Francis, L.L.P.; and that Defendants' Motion to Dismiss for Failure to Respond (Doc. 56) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure and LRCiv 7.2(e) of the Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **Fourteen (14) Days** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **Fourteen (14) Days** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV- 15-00247-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 19th day of July, 2016.

**CHARLES R. PYLE**