# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tony Nixon,

           Plaintiff,

v.

Tyler D. Francis, et al.,

           Defendants.

No. CV-15-00247-TUC-JGZ

**ORDER**

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Charles R. Pyle that recommends granting Defendants' Motion to Dismiss (doc. 39) and Defendants' Motion to Dismiss for Failure to Respond to Defendants' Motion to Dismiss (doc. 56), or, in the alternative, granting Defendants' Motion to Dismiss (doc. 39) and denying the Motion to Dismiss for Failure to Respond (doc. 56) as moot. (Doc. 64.) Plaintiff timely filed an objection on July 27, 2016. (Doc. 65.) Defendants did not file a response to the objection.

The Court has reviewed the record and concludes that Magistrate Judge Pyle's recommendation to grant Defendants' Motion to Dismiss (doc. 39) and deny as moot the related Motion to Dismiss for Failure to Respond (doc. 56) is appropriate. The Magistrate Judge correctly found that there is no federal basis for any of Plaintiff's claims against the "Francis" Defendants.[1] Plaintiff seeks monetary damages, but because an appointed

---

[1] Defendant United States of America, substituted for the named Defendant, Assistant United States Attorney Brian Decker, was dismissed on March 2, 2016. (Doc. 55.) The "Francis" Defendants include D. Tyler Francis, Tyler D. Francis, and Ellinwood

attorney is not a "federal official" for the purposes of a *Bivens* claim, that claim fails. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). Further, Plaintiff's claims pertaining to the effective representation by Defendant Francis in his criminal proceedings and the alleged conspiracy between Defendant Francis and the prosecutor in that case, would, if true, render Plaintiff's conviction invalid. Under *Heck v. Humphries*, 114 S. Ct. 2364 (1994), in order to sustain a claim for damages for conduct that would render a conviction or sentence invalid, Plaintiff would have to show that the conviction or sentence has been reversed, expunged, or otherwise declared invalid—a showing he cannot make. The remaining claims are state law contract, malpractice, and tort claims over which this Court will, in its discretion, decline to exercise supplemental jurisdiction in the absence of a federal cause of action.[2] 28 U.S.C. § 1367(c)(4).

In his Objection,[3] Plaintiff asserts: (1) the information given to the Court by Defendant Francis is incorrect; (2) Plaintiff filed all the correct information that was required by the Court; and (3) Plaintiff has the right to file the present lawsuit without overturning any conviction because it is a law suit involving negligence and legal malpractice. (Doc. 65.) Plaintiff also reasserts many of the factual and legal allegations

---

and Francis LLP.

[2] Plaintiff's Complaint asserts claims for breach of covenant of good faith and fair dealing; breach of implied in fact contract; breach of written contract; negligence; pain and suffering; "pain and unusual punishment"; false incarceration; danger to Plaintiff's health, life, and safety due to false incarceration; loss of personal property due to false incarceration; "100% Percent Effective Assistance of Counsel and Breach of Implied In Fact Contract (Verbal) to Represent Tony Nixon Fair and Right According to the Law"; False Incarceration Due to the Breach of Attorney Agreement to Uphold the Law"; "Loss of Plaintiff Tony Nixon Personal Property Due to False Incarceration and Bad Representation and Bad Attorney"; and "Refusal to Present Evidence in Plaintiff Tony Nixon Case and Call Witnesses."

[3] Plaintiff's Objection is entitled "Objection Motion Against the Defendant's Motion to Dismiss with Exhibits…Plus Like to Argue this Objection Motion in Court to Dismiss the Defendant's Claim." (*See* doc. 64.) To the extent Plaintiff intended his Objection to be construed as a request to file a belated response to Defendants' Motion to Dismiss at Doc. 39, the request is denied. The Court also finds that the pending motions and the Report and Recommendation are suitable for resolution without oral argument. *See* LRCiv 7.2(f).

against Defendant Francis, and attaches several exhibits in support of his original claims.[4] With regards to Plaintiff's first contention, this Court and the Magistrate Judge conducted independent review of both the record and the legal authority presented. Plaintiff's general assertion that Francis gave incorrect information to the Court does not provide a basis for rejecting the Magistrate Judge's conclusion. Plaintiff fails to identify any incorrect information which would change the legal analysis or outcome. Second, Plaintiff's filings may include correct information, but on the facts presented the filings are insufficient to establish federal claims. Finally, Plaintiff's assertion that this is a lawsuit involving negligence and legal malpractice does not alter the outcome because the Defendants are private parties. *See* 28 U.S.C. § 1346(b). As noted above, Defendant Francis's status as a court-appointed attorney does not make him an employee of the United States under the Federal Tort Claims Act. Accordingly, these claims are properly characterized as state law claims and may be dismissed.

In sum, the Court finds that the Magistrate Judge's conclusions are not clearly erroneous. Accordingly, the Court will adopt the Report and Recommendation as follows:

//
//
//
//
//
//
//
//
//
//

---

[4] The exhibits attached by Plaintiff include Plaintiff's recent state bar complaint against Defendant Francis, a letter from Plaintiff to Defendant Francis, and objections filed by Defendant Francis to a report and recommendation in Plaintiff's criminal case.

IT IS HEREBY ORDERED:

1. The Report and Recommendation (doc. 64) is accepted and adopted;
2. Defendants Tyler Francis and Ellinwood & Francis LLP's Motion to Dismiss (doc. 39) is GRANTED;
3. Defendants' Motion to Dismiss for Failure to Respond (doc. 56) is DENIED as moot;
4. The Complaint (doc. 1) is dismissed without prejudice. The Clerk of the Court is directed to close the case.

Dated this 14th day of September, 2016.

*[signature]*
Honorable Jennifer G. Zipps
United States District Judge